# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LANDRY DIXON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-11344** |
| **ALLY FINANCIAL CORP., ET AL.** | **SECTION: T(5)** |

## ORDER

Before the Court is a Motion to Dismiss (R. Doc. 11) filed by Ally Bank ("Ally"), improperly named as Ally Financial Corp, and a Motion to Dismiss (R. Doc. 25) filed by Franklin W. Hobbs, Jeffrey J. Brown, Samantha LNU, and Jennifer LaClair (collectively, the "Individual Ally Defendants"). Landry Dixon ("Plaintiff") has filed opposition memoranda (R. Docs. 13 and 28). For the following reasons, the Motions to Dismiss (R. Docs. 11 and 25) are **GRANTED.**

## BACKGROUND

This lawsuit arises out of Plaintiff's April 15, 2019 purchase of a 2018 Dodge Journey from Ray Brandt Dodge Dealership ("Ray Brandt").[1] In entering the Retail Installment Sale Contract ("RISC") with Ray Brandt, Plaintiff "thought he was agreeing to making 60 monthly payments of $569.00 each, . . . as per an earlier <u>verbal conversation</u> between the person of Plaintiff and the Ray Brandt Dodge automobile dealership's General Sales Manager."[2] After signing the contract, and "[o]nce Plaintiff had fully read the content of those five (5) pages of this automotive sales agreement," Plaintiff allegedly realized that the terms were different.[3] Specifically, Plaintiff

---

[1] R. Doc. 5, ¶1.
[2] R. Doc. 5, ¶2.
[3] R. Doc. 5, ¶4.

1

claims he noticed the sales price was $45,670 rather than $18,734 and the amount financed included the premiums for "three add-on insurers, Safe GAP, Safe Guard, and LDS-MBI."[4]

On April 21, 2019, Plaintiff sent a letter of protest to Ally demanding the deletion of the three add-on insurers.[5] Each insurer called Plaintiff and stated they were disappointed in the loss of the policy but that they were going to delete Plaintiff from their files as a client.[6] Additionally, the defendants sent Plaintiff response letter dated May 30, 2019 denying any responsibility in the "excessively burdensome usury nature of the terms of this 'Retail Installment Sales Contract.'"[7] The letter explained that "Ally does not participate in either the negotiations or discussions between the dealership and their customers [and] Ally purchases [a RISC] only after the dealership and customer have reached an agreement on the terms of purchase and entered into [the agreement]."[8] The letter encouraged Plaintiff "to contact the Finance Manager at Ray Brandt . . . to answer any questions [he] may have regarding the negotiation of [his] transaction."[9]

Plaintiff allegedly contacted the Consumer Financial Protection Bureau, which told him "Ally Bank was 'NOT all that fond of its NON-White clients,' especially prior to December of 2013."[10] On June 24, 2019, Plaintiff filed this action against Ally and the Individual Ally Defendants seeking injunctive relief and damages for emotional distress, loss of earning potential due to emotional trauma, and punitive damages.[11]

---

[4] R. Doc. 5, ¶¶4-6.
[5] R. Doc. 5, ¶5.
[6] R. Doc. 5, ¶6.
[7] R. Doc. 5, ¶9.
[8] R. Doc. 5-1, p.8.
[9] R. Doc. 5-1, p.8.
[10] R. Doc. 5, ¶8.
[11] R. Doc, 1, p.5.

Ally has filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[12] The Individual Ally Defendants have also filed a motion to dismiss.[13]

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[14] Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted.[15] To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[16] In evaluating a complaint under Rule 12(b)(6), the district court should confine itself to the pleadings,[17] and the documents attached to the complaint.[18] In addition to facts alleged in the pleadings, however, the district court "may also consider matters of which [it] may take judicial notice,"[19] which includes matters of public record.[20]

The defendants contend Plaintiff's claims should be dismissed pursuant to the Louisiana Credit Agreement Statute, La. R.S. § 6:1121, *et seq*., ("LCAS"). The LCAS operates as a "statute of frauds" for the credit industry.[21] The purpose is "to prevent potential borrowers from bringing claims against lenders based on oral agreements."[22] La. R.S. § 6:1122 provides, "A debtor shall not maintain an action on a credit agreement unless the agreement is in writing, expresses

---

[12] R. Doc. 11.
[13] R. Doc. 25.
[14] Fed. R. Civ. P. 12(b)(6).
[15] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).
[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).
[17] *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).
[18] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[19] *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996).
[20] *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).
[21] *EPCO Carbon Dioxide Products, Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 469 (5th Cir.2006) (quoting *King v. Parish Nat'l Bank*, 885 So.2d 540, 546 (La.2004)).
[22] *EPCO,* 467 F.3d at 469 (quoting *Jesco Const. Corp. v. Nationsbank Corp.,* 830 So.2d 989, 992 (La.2002)).

consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor." The Court finds that Plaintiff's claims involving a disparity between a verbal conversation and the terms of the agreement are barred by the LCAS.

The defendants contend that Plaintiff fails to state a claim under the Consumer Financial Protection Act of 2010 and the predatory-lending provisions of the 2010 Dodd-Frank Act because neither provides a private right of action by borrowers against lending institutions. The Court finds that Plaintiff has failed to allege facts to support that Plaintiff has a private right of action under the Consumer Financial Protection Act of 2010 and the predatory-lending provisions of the 2010 Dodd-Frank Act.[23] Therefore, the Court finds Plaintiff has failed to state a claim upon which relief can be granted under the Consumer Financial Protection Act of 2010 and the predatory-lending provisions of the 2010 Dodd-Frank Act.

The defendants also assert that Plaintiff fails to state a claim under the Louisiana Unfair Trade Practices Act ("LUTPA") because LUTPA does not apply to Ally. The Court finds that Ally is a federally-insured financial institution and that, LUTPA, therefore, does not apply to Ally.[24] Thus, Plaintiff has failed to state a claim under LUTPA.

Finally, defendants contend Plaintiff has failed to state a claim against the Individual Ally Defendants because liability cannot be assigned to corporate offers under the circumstances alleged in Plaintiff's complaint. Under Louisiana law, "personal liability cannot be imposed upon a corporate officer simply because of the officer's general administrative responsibility of some corporate function; instead, the officer must have a personal duty towards the plaintiff."[25] Here, Plaintiff has not alleged any facts that support a personal duty on behalf of Individual Ally

---

[23] *See also Satterfeal v. LoanCare, LLC*, 2019 WL 2857993, at *3 (M.D. La. July 2, 2019).
[24] La. R.S. § 51:1406(1).
[25] *B-G & G Investors VI, L.L.C. v. Thibault HG Corp.*, 985 So. 2d 837, 842 (La. App. 4 Cir. 5/21/08).

Defendants. As a result, Plaintiff has failed to state a claim for relief against the Individual Ally Defendants.

## **CONCLUSION**

Accordingly, the Motions to Dismiss (R. Docs. 11 and 25) are **GRANTED,** and all claims asserted by Landry Dixon are **DISMISSED WITH PREJUDICE**.

**New Orleans, Louisiana**, on this 13th day of March, 2020.

                                                  **GREG GERARD GUIDRY**
                                       **UNITED STATES DISTRICT JUDGE**